# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, | ) ) ) ) | Civil Action No. 09-1123 Chief Magistrate Judge Lenihan |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BEAZER EAST, INC., BOLDAN, INC., CARNEGIE MELLON UNIVERSITY, CBS CORPORATION, and EXXON MOBIL CORPORATION, | ) ) ) ) ) | Re: ECF No. 100 |
| Defendants. | ) | |

## MEMORANDUM OPINION

Presently before the Court is the Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) or, in the alternative, for Certification for Appeal pursuant to Fed. R. Civ. P. 54(b) filed by Plaintiff Pennsylvania Department of Environmental Protection ("DEP") at ECF No. 100. For the reasons discussed below, DEP's Motion for Reconsideration will be denied, and its Motion for Certification for Appeal will be denied without prejudice.

DEP filed this civil action pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, *as amended*, 42 U.S.C. §§ 9601-9675, ("CERCLA"), 42 U.S.C. § 9607(a) against Defendants Carnegie Mellon University ("CMU") CBS Corporation ("CBS"), Exxon Mobil Corporation ("Exxon"), Beazer East, Inc. ("Beazer"), and Boldan, Inc. ("Boldan"). DEP seeks recovery from Defendants of response costs and interest incurred by Plaintiff in responding to the release or threatened release from the former Boldan Landfill ("Site") located in Penn Township, Westmoreland County, Pennsylvania.

Defendants CMU, CBS, and Exxon filed Motions to Dismiss DEP's Amended Complaint which were granted by this Court on November 3, 2010 at ECF Nos. 88 & 89. The Court dismissed with prejudice DEP's Amended Complaint against these moving Defendants as time barred by the applicable statute of limitations under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"). DEP now moves for reconsideration of this Order, or in the alternative, certification for appeal pursuant to Fed. R. Civ. P. 54(b).

<u>Motion for Reconsideration</u>

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Id.* at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.,* 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *D'Angio v. Borough of Nescopeck,* 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing *North River Ins. Co. v. CKGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Granting a motion for reconsideration is an extraordinary remedy, and therefore, is done sparingly. *Id.* at 504 (citing *NL Indus. v. Commercial Union Ins. Co.,* 935 F. Supp. 513 (D.N.J. 1996) (other citation omitted)).[1]

---

[1] Federal Rule of Civil Procedure 59(e) applies only to final judgments and is technically inapplicable to DEP's motion for reconsideration. Instead, Fed. R. Civ. P. 60(b) applies to motions filed in response to nonfinal orders as well as judgments. The United States Court of Appeals for the Third Circuit, however, has indicated that the two rules "are substantively interchangeable." *Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010). Because DEP argues

Here, DEP's motion for reconsideration must be denied. In support of its motion for reconsideration, DEP argues that it is entitled to a six year statute of limitations period rather than the three year period applied by the Court in its Opinion of November 3, 2010. In its motion for reconsideration, DEP raises for the first time that it obtained the equivalent of a consistency waiver which permits the United States Environmental Protection Agency to exceed certain cost and durational limits on federally funded cleanups and carries with it an alternative six-year limitations period for removal actions.

DEP did not raise this argument in its oppositions to the two rounds of motions to dismiss the original and amended complaints filed by CBS, CMU, and Exxon. Instead, DEP argues that the Court should have somehow gleaned this argument from its Amended Complaint even though DEP never raised the argument in any of its briefings to the Court. It is not the province of the Court to raise arguments on behalf of litigants represented by counsel. The statute of limitations has been squarely before the Court in both rounds of motions to dismiss. Yet, DEP's alleged theory of consistency waiver is before the Court for the first time. In its responsive arguments to the motions to dismiss, DEP did not argue consistency waiver in the alternative in the event that the Court ruled that the underlying response action was a removal. As discussed above, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp.*, 779 F.2d at 909. Therefore, "[a] motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assurance Ass'n, LTD.*, 158 F. Supp.2d 565, 577-78 (E.D. Pa. 2001) (quoting *Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr.*, Civ. A. 96-121, Civ. A. 96-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997) (citing

---

that the Court committed legal error rather than "mistake, inadvertence, surprise, or excusable neglect," the function of DEP's motion is more closely related to Rule 59(e). *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

*Corrigan v. Methodist Hosp.*, 885 F. Supp. 127, 127 (E.D. Pa. 1995)). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Philadephia, Inc.*, No. Civ. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999). Consequently, the Court is precluded from considering DEP's new argument.

In addition, it is clear that DEP's new argument is without merit because a consistency waiver pursuant to section 104(c)(1)(C) of CERCLA is applicable only to the expenditure of funds from the Superfund. Here, the allegations of the Amended Complaint indicate that Pennsylvania state funds were used in the cleanup. Likewise, there are no averments that the President, acting through the United States Environmental Protection Agency (or any other federal government authority) acted to grant a consistency waiver. DEP states that "[w]hile the Amended Complaint does not specify that the disbursement was made as the result of a consistency waiver, such is a reasonable inference given the lack of emergency conditions . . . ." (DEP's Memorandum in Support of Motion for Reconsideration, ECF No. 101 at 9-10.) DEP's statement flies in the face of the Halloran Affidavit, attached and incorporated by reference into the Amended Complaint. The Halloran Affidavit indicates that DEP exceeded $2 million in costs partly because of "an emergency" and "an immediate risk to public health." (ECF No. 54-1 at 6.)[2] The Court is troubled by DEP's inconsistent submissions to this Court.

Clearly, any amendment by DEP to allege a consistency waiver would be futile, and the Court must deny its request for leave to amend the complaint a second time. *See Great Western*

---

[2] The Court was unable to consider the Halloran Affidavit on Defendants' Motion to Dismiss the Amended Complaint. *See Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989). *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 10.05[2] (3d ed. Supp. 2008). DEP's argument that the Court should have inferred the existence of a consistency waiver from the averments of the Amended Complaint, however, is dramatically undercut by its attachment and incorporation of the Halloran Affidavit into the Amended Complaint.

4

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174-75 (3d Cir. 2010); *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Motion for Certification for Appeal

Federal Rule of Civil Procedure 54(b) provides in relevant part as follows:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The granting of a Rule 54(b) motion requires the district court to find the following: 1) that at least one claim or the rights and liabilities of at least one party must be finally decided; and 2) there is "no just reason for delay." *Berckleley Inv. Group., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

The United States Court of Appeals for the Third Circuit has set forth the following factors that district courts should consider when evaluating whether there is a "just reason for delay" under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Group, Ltd.*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) *overruled on other grounds by Curtiss-Wright Corp.*, 446

U.S. at 9). The court of appeals has further explained that Rule 54(b) was designed in an attempt "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley Inv. Group, Ltd.*, 455 F.3d at 202 (quoting *Allis-Chalmers Corp.* 521 F.2d at 363). District courts must consider judicial administrative interests and the equities involved in determining whether final decisions in multiple claim/party actions are ready for appeal. *Berckeley Inv. Group, Ltd.*, 455 F.3d at 202 (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). Finally, the court of appeals has "consistently require[d] district courts [to] provide a statement of reasons when entering final judgment under Rule 54(b)." *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999) (citing *Waldorf v. Shuta*, 142 F.3d 601, 610-11 (3d Cir. 1998); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992) (other citations omitted)). In *Anthuis*, the court of appeals discussed the following principles announced in *Allis-Chalmers* which should guide the district court's decision in issuing a Rule 54(b) certification:

> (1) the burden is on the party seeking final certification to convince the district court that the case . . . merit[s] a favorable exercise of discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and policy to certify the judgment as final; (3) the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated.

*Anthuis*, 971 F.2d at 1003 (quoting *Allis-Chalmers Corp.* 521 F.2d at 365). The *Anthuis* court then discussed the movant's burden in more detail as follows:

> By placing the burden on the parties seeking final certification, we recognize that district court judges must necessarily depend upon counsel to assist them by identifying the factors, considerations and reasons for the entry of a final judgment on less than all issues. The ultimate responsibility falls, of course, on the district court, but we would be unrealistic if we did not recognize that counsel must shoulder the burden of

> identifying he particular factors, considerations and reasons so that the district court may, in its discretion, properly evaluate the Rule 54(b) application.

*Anthuis*, 971 F.2d at 1003-04.

This Court is unable, based upon the record before it, to properly evaluate DEP's Rule 54(b) application. First, DEP did not address the first of the *Allis-Chalmers* factors—the relationship between the adjudicated and unadjudicated claims—which the Court finds particularly relevant to the case at bar.[3] In this § 107 cost recovery action brought by DEP pursuant to CERCLA, DEP asserts one claim against multiple defendants. Consequently, the facts and circumstances surrounding DEP's claim against Defendants Boldan and Beazer are similar, if not identical, to Defendants CMU, CBS, and Exxon. "[W]hen the facts or legal issues underlying both the adjudicated and the unadjudicated claims significantly overlap, a substantial risk of duplicative appellate review is created[.]" 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.23[1][a] (3d ed. 2011) (citing *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025-26 (2d Cir. 1992) ("Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants.") (other citations omitted). "Similarly, if the judgment [to be] certified raises the same legal questions or depends upon proof of the same facts as the claims still pending, a single appeal is generally preferable[.]" *Id.* (citing *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706-08 (1st Cir. 1996); *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1337 (4th Cir. 1993)).

---

[3] "Courts have placed particular emphasis on the first factor." *Nafar v. Hollywood Tanning Sys., Inc.*, Civ. No. 06-3826, 2011 WL 830286, at *2 (D.N.J. March 2, 2011) (citing *Amboy Bancorp. v. Jenkens & Gilchrist*, No. 02-CV-5410, 2009 WL 4117355, at *2 (D.N.J. Nov. 18, 2009) ("[W]hen pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources.")).

Yet, the record provides no indication how granting the Rule 54(b) motion will impact Boldan and Beazer in light of seemingly identical facts and legal issues, and DEP provides no analysis to that end.[4]  After ignoring the first of the *Allis-Chalmers* factors, DEP summarily disposes of the second through fourth factors without explanation.  Finally, DEP states that immediate appellate review of the statute of limitations issue *may* preempt the need for relitigating this issue as to Boldan and Beazer and therefore *should* promote judicial economy.  (DEP's Brief in Support, ECF No. 101 at 16-17.)  To date, the docket sheet reflects only that Boldan has moved for extensions of time in which to respond to DEP's Complaint and Amended Complaint due to settlement discussions.  (ECF Nos. 11, 45, 51, 61, 76, 94.)  Likewise, as to Defendant Beazer, the docket sheet reflects only that it has moved for extensions of time to respond to DEP's Complaint and Amended Complaint due to its motion with DEP to enter a Consent Decree.  (ECF Nos. 15, 46, 50, 58, 75, 79, 84, 92).  Without more, the Court is unable to properly evaluate DEP's Rule 54(b) application in light of the *Allis-Chalmers* factors.  Therefore, the Court must deny DEP's Motion for Certification for Appeal pursuant to Rule 54(b) without prejudice.

---

[4] Defendant CMU "does not oppose [entry of judgment under Rule 54(b)] but leaves the question 'to the sound discretion of the district court . . . .'" (CMU's Opposition Brief, ECF No. 104 at 21.)  Defendants CBS and Exxon take no position with respect to DEP's Rule 54(b) motion.  (CBS' Opposition Brief, ECF No. 102 at 19; Exxon's Joinder in CBS' Opposition Brief, ECF No. 103 at 1.)

For the foregoing reasons, DEP's Motion for Reconsideration will be denied, and its Motion for Certification for Appeal will be denied without prejudice.  An appropriate order will follow.

By the Court:

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

Dated: September 28, 2011

cc: All counsel of record
    via electronic filing